## St. Louis Southwestern Railway Company v. Dallas Huey et al.

### Decided June 18, 1910.

**1.—Damages—Death of Son—Probable Pecuniary Aid—Evidence.**

In a suit by parents against a railroad company for the negligent killing of their son, the testimony of one of the parents as to a conversation with the son shortly before his death in which the son declared his intention to assist plaintiff in the future by gifts of money, was competent evidence.

**2.—Same—Amount of Aid—Charge.**

In a suit by parents for the negligent killing of their adult married son, a charge requested by defendant upon the issue of the financial ability, willingness and probability of the son contributing to the support of plaintiffs and as to the amount of such aid, considered, and held properly refused because upon the weight of the evidence and misleading, and it imposed a greater burden upon the plaintiffs than required by law in establishing the amount of aid which they had a right to expect from their said son.

**3.—Practice—Repeating Charges.**

It is proper for the trial court to refuse to give a special charge which is in substance the same as a special charge already given.   Special charges upon the subject of the financial ability of a son to contribute to the support of his parents and the probability of his doing so, considered, and held substantially the same.

**4.—Death of Son—Damages—Certainty of Proof.**

In actions by parents for the negligent killing of their adult married son, and cases of like character, the evidence can not furnish the measure of damages with that certainty and accuracy with which it may be done in other cases, and hence the amount must of necessity be left to the sound discretion of the jury and their discretion will not be interfered with unless it is made to appear that their verdict was the result of some improper motive or influence.

Appeal from the Fourteenth Judicial District, Dallas County. Tried below before Hon. Kenneth Foree.

*E. B. Perkins, Danl. Upthegrove* and *J. E. Gilbert,* for appellant.— Declarations by a plaintiff retailing a conversation with his deceased son, in a suit brought to recover damages growing out of his negligent killing, stating his own needy financial condition and the promise by the son to do some act in the future, in itself contingent, are self-serving, hearsay, and prejudicial. Houston & Texas Central Ry. Co. v. Hill, 70 Texas, 54; Houston & T. C. Ry. Co. v. Ritter, 16 Texas Civ. App., 482.

A defendant is entitled to an affirmative charge on every phase of its case supported by evidence. Hence the court erred in refusing to give special charge No. 3. Brown v. Pridgen, 56 Texas, 127-8; International & G. N. Ry. Co. v. Neff, 87 Texas, 307; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; Missouri, K. & T. Ry. Co. v. Smith, 101 S. W., 454.

Good intentions alone on the part of an adult married son will not authorize recovery by his parents for his death. There must be coupled therewith a reasonable certainty of financial ability to contribute to their support, and this question should be submitted to the jury under appropriate instructions. Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 303.

Whether there be a reasonable expectation that an adult married son will contribute to the support of his parents is a question of fact, and his personal habits are proper elements for consideration in determining the reasonableness of such expectation. Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 293; Galveston, H. & S. A. Ry. Co. v. Power, 54 S. W., 629; McGown v. International & G. N. Ry. Co., 85 Texas, 293.

*McLean & Carlock,* for appellees.—The action of the court in refusing to strike out the testimony of Dallas Huey was a correct ruling. The declaration of J. D. Huey, made to his father as to his intentions of giving future aid to his parents, was competent testimony. Galveston, H. & S. A. Ry. Co. v. Bonnet, 38 S. W., 813; St. Louis, A. & T. Ry. Co. v. Johnston, 78 Texas, 542; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 503; Gulf, C. & S. F. Ry. Co. v. Brown, 33 Texas Civ. App., 272; Freeman v. Carter, 81 S. W., 82.

It is not required of the plaintiffs in such cases that they show by testimony the probable amount in dollars of pecuniary aid they may reasonably expect from their son if his life had continued, and the pecuniary condition of the plaintiffs is an important element in such

cases to be considered by the jury. This latter consideration is entirely eliminated from special charge No. 4, and it is for that reason erroneous. International & G. N. Ry. Co. v. Kindred, 57 Texas, 498; Houston & T. C. Ry. Co. v. White, 23 Texas Civ. App., 283; International & G. N. Ry. Co. v. Knight, 52 S. W., 640.

TALBOT, Associate Justice.—This suit was filed by the appellees, Dallas Huey and wife, the father and mother of J. D. Huey, against the appellant to recover damages growing out of the death of J. D. Huey in an accident in appellant's yard at Noell Junction, November 8, 1907. The surviving widow of J. D. Huey was made a party plaintiff, but she had been settled with by appellant prior to filing of this action, and verdict and judgment was in favor of appellant as to her, while Dallas Huey and wife recovered judgment for $2,250, divided equally between them.

Appellees allege that deceased was their son, and was a brakeman on freight trains of appellant between Dallas and Noell Junction, and had been in such service for several years. That while engaged in such service, November 8, 1907, appellant's servants negligently ran one of its engines over the deceased and instantly killed him. That deceased at the time of his death was a strong and healthy young man, twenty-eight years old, sober and industrious, earning and capable of earning $100 to $150 per month; that appellees are advanced in years and in poor circumstances, and that deceased had contributed and would have continued to contribute to their maintenance and support had he lived.

The defendant pleaded a general denial, contributory negligence, assumed risk, and that appellees had no reasonable expectation of receiving pecuniary aid from said J. D. Huey, because Dallas Huey is an able-bodied man, able to make a living for himself and wife. That deceased was married and about thirty-two years old, and his habits of industry, sobriety and economy were such that he never had, and could not be expected to contribute to their support. That he was in the habit of drinking and carousing, which habits were of long standing, and he was not economical and his earnings were not more than sufficient for the support of himself and wife. That instead of contributing to the support of his parents, he was in the habit of drawing on them for money, and having them pay out money for him, and that appellees had no right to expect and no reasonable expectation of receiving anything from him.

1. The trial court did not err in overruling the defendant's motion to strike out the testimony of the plaintiff to the effect, that he, plaintiff, had a conversation with the deceased shortly before the latter's death, in which the plaintiff's needy financial condition was made known, and that the deceased in said conversation declared his intention to assist plaintiff in the future by gifts of money. Such a declaration was competent evidence in a suit of this character. It is said that the pecuniary loss to the father from the death of his son must necessarily be proved by circumstances, and that among the circumstances going to show such loss is the disposition of the latter to contribute pecuniarily to the aid of the former, and, as the disposition and

feelings of a person may be proved by his expressions, the declarations of the deceased son are, in connection with other testimony, admissible in evidence for the purpose of showing that he was disposed to aid his father pecuniarily. Galveston, H. & S. A. Ry. Co. v. Bonnet, 38 S. W., 813; Gulf, C. & S. F. Ry. Co. v. Brown, 33 Texas Civ. App., 269. Another reason why there was no error in refusing to strike out this testimony is, that practically the same testimony was given by other witnesses without objection on the part of appellant, and the same was therefore harmless.

2. It is assigned that the court erred in refusing to give the following charge, requested by appellant: "There is no legal obligation or duty resting upon an adult son to contribute any part of his earnings to the support or maintenance of his parents or either of them. You are, therefore, instructed in this case that before Dallas Huey or his wife can recover herein they must have shown by a preponderance of the evidence upon that phase of the case, not only that J. D. Huey, deceased, was willing to contribute to their maintenance and support, but that he was financially able to do so, and that he would continue to be financially able as well as willing to do so, taking into consideration the legal obligations and duties devolving upon deceased as a married man, and the probabilities of the increase of his expense as well as his earning capacity, if either; and unless you believe from the evidence that such financial ability, as well as willingness, would have continued, then said Dallas Huey and wife, or either of them, can not recover herein, and you will find for the defendant." There was no error in refusing this charge, for the reason that it was sufficiently covered by special charge No. 3 given at appellant's request. Special charge No. 3 is as follows: "Should the jury believe from the evidence that the plaintiffs, Dallas Huey and wife, had a right to expect that J. D. Huey, deceased, would have contributed to their maintenance and support, and that he was not only willing, but that he was and would continue financially able to do so, then the measure of recovery, if any, by the said Dallas Huey and wife would be a sum equal to the pecuniary benefit the said parents had a reasonable expectation of receiving from said J. D. Huey had he not died, taking into consideration his habits, and all his habits, after he became twenty-one years old, including his habits of sobriety or of drinking, economy or extravagance, together with the fact that he was married and his legal obligation and duty for the support of his family during his life had he continued to live." The supposed refusal of this latter charge is made the subject of one of appellant's assignments of error, but an inspection of the record discloses that the charge was in fact given.

3. The seventh assignment of error complains of the court's refusal to give the following charge, asked by the appellant: "Defendant asks the court to charge the jury as follows: Before plaintiffs can recover herein they must have shown to you by a preponderance of the evidence that the deceased was not only willing, but financially able to contribute to their support, and that such financial ability would continue, but they are also required to approximate the amount they had a right to expect from him in money or property after he was twenty-one years old, taking into consideration his marriage and obligations to his own

family and the probability of their continuance, and unless they have furnished you, by a preponderance of the evidence, with a reasonable approximation of such expectancy of pecuniary contributions after his majority, and of the amount they had a right to expect in the future, they can not recover, and you will not consider any other ground or basis, if you should find for plaintiff, as the basis of recovery." We think this charge was properly refused. It is, in our opinion, upon the weight of the evidence and misleading, and, with respect to the definiteness of the evidence therein required in establishing the amount of pecuniary contributions which appellees had a right to expect in the future had not their son been killed, imposed a greater burden upon appellees than required by the rule of law applicable in such cases, or at least not called for under the evidence. It does not appear, as in the case of Houston & T. C. Ry. Co. v. Cowser, 57 Texas, 293, cited by counsel for appellant, that more satisfactory evidence than that adduced by plaintiffs to establish the amount of the damages sustained by them, was attainable. The facts and circumstances shown were sufficient to enable the jury to reach a conclusion with respect thereto "approximating reasonable certainty," and the court's charge correctly applied the law to these facts.

4. The ninth assignment complains that the court erred in overruling the defendant's motion for a new trial, because the verdict and judgment are contrary to the law and evidence in that "the evidence showed that the deceased, J. D. Huey, after his majority, and especially after his marriage, never contributed anything of value to the plaintiffs, and it does not afford any reasonable expectation that he would be able to make any pecuniary contribution to the maintenance of plaintiffs thereafter, but on the contrary, that his habits of dissipation and extravagance were such as to preclude the expectation that he would do so or would be pecuniarily able to do so in future." We do not agree with this contention of appellant. The evidence does show without contradiction that after the deceased had reached his majority, and even after his marriage, he did contribute to both his father and mother some money and valuable wearing apparel. Upon the subject of his habits of drinking, of industry and ability and disposition to earn money, the evidence is conflicting. We are inclined to the view, however, as is contended by counsel for appellees, that it preponderates in favor of the appellees. All the witnesses, who testified upon the subject, testified that the deceased was usually devoted to his parents and deeply concerned about their future welfare. The most, if not all, of them had known the deceased from his early childhood down to the date of his death, and had been in such position or so associated with him as to enable them to observe his habits and to know his character for industry and sobriety. These witnesses testified, with one accord, in substance, that he was not a drunkard, that he associated with the best people; that he was intelligent, capable and willing to work and physically a perfect man.

5. The tenth assignment complains that the verdict is excessive. This assignment will be overruled. As said by this court in Railway Co. v. Brown, *supra,* the evidence, in cases of this character, can not

furnish the measure of damages with that certainty and accuracy with which it may have done in other cases, and hence the amount must of necessity be left to the sound discretion of the jury, and their discretion will not be interfered with unless it is made to appear that it has been abused. It does not appear in this case that there was any abuse of the jury's discretion, nor is there anything in the record indicating that in arriving at their verdict they were influenced in any manner by passion, prejudice or other improper motive. No question as to liability on the part of the appellant is raised by any assignment of error, nor is it contended that the deceased was guilty of contributory negligence or that he assumed the risk of being injured in the manner he was. The evidence is sufficient to sustain the verdict; the appellant, in our opinion, has suffered no substantial injury by any ruling of the court, of which complaint is made, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.